| | |
|---|---|
| DOUG LONGHINI,<br><br>   Plaintiff,<br><br>v.<br><br>GABLES PLAZA INVESTORS, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-21532-DPG<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, GABLES PLAZA INVESTORS, INC., ("Defendant") through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiff's Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Defendant admits Plaintiff has brought this action under the Americans with Disabilities Act, but denies Plaintiff is entitled to any of the requested relief and all other allegations in Paragraph 1 of the Complaint.

2. Defendant admits that the Court has jurisdiction over this matter. Defendant, however, denies that any violation has occurred or that Plaintiff is entitled to relief and denies all other allegations in Paragraph 2 of the Complaint.

3. Defendant is without knowledge, and therefore denies all the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that venue is proper in Federal Disctrict Court in and for the Southern District of Florida. Defendant, however, denies that any violation has occurred or that Plaintiff is entitled to relief and denies all other allegations in Paragraph 6 of the Complaint.

## ALLEGED ALLEGATION

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant states that the American with Disabilities act speaks for itself. Defendant denies all other allegations in Paragraph 9 of the Complaint.

10. Defendant is without knowledge, and therefore denies all the allegations in Paragraph 10 of the Complaint.

11. Defendant admits it owns the Commercial Property referenced in paragraph 11 of the Complaint, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant is without knowledge, and therefore denies all the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

19. Defendant denies the allegations in Paragraph 19 of the Complaint including subparagraphs A (i-iv), B (i-iv), C.i, and D (i-ix).

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant acknowledges it must comply with the ADA, but denies all other allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant states that the United States Code and the Code of Federal Regulations speak for themselves. Defendant denies all other allegations set forth in Paragraph 27 of the Complaint.

In response to the "Wherefore" allegations in Paragraph 27 of the Complaint, and subparts (i)-(iv) thereof, Defendant denies that Plaintiff is entitled to judgement or relief.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

www.spirelawfirm.com
Employment Attorneys

## SECOND DEFENSE

Plaintiff lacks standing.

## THIRD DEFENSE

Defendant affirmatively states that some or all of the modifications sought by Plaintiff are not readily achievable, or not technically feasible, and/or would impose an undue burden upon Defendant.

## FOURTH DEFENSE

The property and services in question are readily accessible and useable by individuals with disabilities, and otherwise comply with the law.

## FIFTH DEFENSE

Plaintiff's claimed violations are "de minimis" and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## SISTH DEFENSE

Plaintiff has not suffered an irreparable injury, and injunctive relief is not warranted.

## SEVENTH DEFENSE

Plaintiff's demanded alterations or modifications are not reasonable.

## EIGHTH DEFENSE

The demanded alterations and modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant and as such Defendant is not required to make such alterations and modifications.

## NINTH DEFENSE

Plaintiff is estopped from making his claims due to his failure to notify Defendant of barriers encountered such that Defendant could have offered reasonable accommodations.

www.spirelawfirm.com
Employment Attorneys

## TENTH DEFENSE

Plaintiff failed to communicate in any way with Defendant prior to filing suit, and as such failed to exercise reasonable diligence to avoid the attorneys' fees and costs associated with bringing suit. Thus, Plaintiff failed to mitigate his claims and is barred from recovering attorneys' fees and costs for bringing this action.

DATED this 25th day of May, 2020.

Respectfully submitted,
Spire Law, LLC
12249 Science Drive, Suite 155
Orlando, Florida 32826

By: s/Jesse I. Unruh

Jesse I. Unruh, Esq.
Florida Bar No. 93121
jesse@spirelawfirm.com

Attorney for Defendant | Gables Plaza Investors, Inc.

## CERTIFICATE OF SERVICE

I hereby Certify that on this 25th day of April, 2020, the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-filing Portal which will send a notice of electronic filing to: Beverly Virues at bvirues@lawgmp.com and Anthony Joseph Perez at ajperezlaw@gmail.com at 4937 SW 74th Court No. 3, Miami, FL 33155.

/s/ Jesse Unruh
Jesse Unruh

www.spirelawfirm.com
Employment Attorneys