UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21532-DPG

DOUG LONGHINI,

      Plaintiff,

v.

GABLES PLAZA INVESTORS, INC.,

      Defendant.

_____/

**JOINT SCHEDULING CONFERENCE REPORT**

Plaintiff, DOUG LONGHINI (*hereinafter, "Plaintiff"*), and Defendant, GABLES PLAZA INVESTORS, INC., *(hereinafter, "Defendant")*, (*collectively, "Parties"*), pursuant to S.D. Fla. L.R. 16.1 and this Court's Order dated June 9, 2019 [D.E. 12], submit their Joint Scheduling Conference Report as follows:

**A.**     **Likelihood of settlement:**

The parties will engage in good faith settlement negotiations as appropriate.

**B.**     **Likelihood of appearance in the action of additional parties:**

Plaintiff has alleged ADA violations with respect to tenant spaces so it may be necessary to add tenants as parties.

**C.**     **Proposed limits on the time:**

The parties agree to a standard track.

        i.     **To join other parties and to amend the pleadings:** August 7, 2020

        ii.     **To file and hear motions:** January 21, 2021

        iii.     **To complete discovery:** December 14, 2020

1

D.  **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

Counsel shall meet before the Pretrial Conference or Calendar Call to discuss proposals for the formulation and simplification of the issues. Otherwise, none at this time.

E.  **Necessity or desirability of amendments to the pleadings.**

The Plaintiff and Defendant reserve the right to amend the Pleadings by the foregoing deadline, if warranted.

F.  **Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties will continue to work diligently to admit facts and evidence so as to avoid unnecessary proof at trial. The Parties propose that counsel meet after the applicable discovery cut-off date and before the pre-trial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

G.  **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties agree to cooperate in developing pretrial stipulations to avoid unnecessary proof and cumulative evidence.

H.  **Suggestions on the advisability of referring matters to the Magistrate Judge or master:**

The parties' consent to refer matters to the Magistrate Judge for Discovery matters only.

I.  **Preliminary estimate of the time required for trial:**

The parties anticipate that trial will require two (2) to three (3) trial days.

J.  **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

    Pretrial Conference: May 19, 2021

    Trial:   May 24, 2021

K. **Any issues about: (i) disclosure, discovery or preservation of electronically stored information, including the form or forms in которой it should be produced; (ii) claims of privilege or of protection as trial-preparation materials; and (iii) when the parties have agreed to use the ESI Checklist**

  (i) <u>**Disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**</u>

   a) The Parties agree to exchange their Rule 26 Initial Disclosures by **<u>August 17, 2020</u>**.

   b) Discovery of electronically stored information ("ESI") shall be limited to data reasonably available to the parties in the ordinary course and scope of business and for the relevant time period. Further, the parties agree that only information which is relevant, reasonably proportioned to the needs of this case and that is otherwise information that is deemed discoverable and not burdensome to the producing party will be subject to such discovery.

   c) If data beyond what is reasonably available and that is not burdensome to the parties in the ordinary course and scope of business is to be sought, that the party requesting the ESI at issue shall bear the costs of the production thereof and shall first obtain a Court order granting the request for such information if the other side objects to the production.

   d) To the extent ESI is discoverable, and as limited herein, the production of ESI shall be limited to PDF or TIFF format only, at the choice of the producing party and that the parties will confer regarding the use of appropriate search terms in order to conduct custodian-based searches of ESI for an agreed upon period of time.

  **(ii)**  **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under federal rule of evidence 502**

The Parties agree that these will be addressed in response to specific discovery items. At this time, the Parties do not agree to the allowance of assertion of claims of privilege after production.

  **(iii)**  **When the parties have agreed to use the esi checklist available on the court's website, matters enumerated on the esi checklist**

Pursuant to the above, the Parties do not see the need at this time to utilize the ESI Checklist. Should the need arise at a later date, the Parties agree to use the ESI checklist to formulate additional ESI agreements.

**L.**  **Other information that might be helpful to the Court in setting the case for status or pretrial conference:**

  None at this time.

Respectfully submitted this 22nd day of June, 2020.

| | |
|---|---|
| s/ *Anthony J. Perez* | /s/ *Jesse Ian Unruh* |
| ANTHONY J. PEREZ | JESSE IAN UNRUH |
| Florida Bar No.: 535451 | Florida Bar No.: 93121 |
| | |
| GARCIA-MENOCAL & PEREZ, P.L. | SPIRE LAW, LLC |
| 4937 S.W. 74th Court, Unit #3 | 12249 Science Drive |
| Miami, FL 33155 | Suite 155 |
| Telephone: (305) 553- 3464 | Orlando, FL 32826 |
| Facsimile: (305)553-3031 | Telephone: (407) 494-0135 |
| Primary Email: ajperezlaw@gmail.com | Email: jesse@spirelawfirm.com |
| Secondary Email: ajperez@lawgmp.com | *Attorney for Defendant* |
| aquezada@lawgmp.com | |
| *Attorney for Plaintiff* | |